IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| STATE OF MISSOURI;<br>STATE OF GEORGIA;<br>STATE OF ALABAMA;<br>STATES OF ARKANSAS;<br>STATE OF FLORIDA;<br>STATE OF NORTH DAKOTA; and,<br>STATE OF OHIO,<br><br>       Plaintiffs,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION; MIGUEL A. CARDONA, in his official capacity as Secretary, United States Department of Education; and, JOSEPH R. BIDEN, JR., in his official capacity as President of the United States,<br><br>       Defendants. | CIVIL ACTION NO.: CV 224-103 |

## RULE 26 INSTRUCTION ORDER

The above-captioned case having recently been filed in this Court, the Court issues the following Order to provide instructions to the parties regarding their initial discovery obligations and to institute initial case management proceedings.

**I.     Rule 26(f) Conference**

Federal Rule of Civil Procedure 26(f) requires the parties to confer, develop a proposed discovery plan, and submit a report to this Court. Subsequent to the filing of the report, a Scheduling Order must be entered pursuant to Federal Rule of Civil Procedure 16(b). Therefore,

by the **earlier** of: (1) **sixty (60) days after any defendant has been served with the complaint**; or (2) **forty-five (45) days after any defendant has appeared**, the parties shall confer as provided in Rule 26(f).  See Local R. 26.1(a).[1]  For removed cases, the parties shall be guided by the deadlines in Local Rule 26.1(e).

During the Rule 26(f) Conference, the parties shall discuss the nature and bases of their claims and defenses, the possibilities for a prompt settlement or resolution of the case, and the scope, type, manner, and costs of discovery.  **In addressing settlement or early resolution of the case, counsel shall not only explore the feasibility of alternative dispute resolution between themselves but shall also discuss the potential for settlement and alternative dispute resolution with their clients as well.**  The parties shall also make or arrange for the disclosures required by Rule 26(a)(l) and develop their joint proposed scheduling/discovery plan.  The parties shall use the updated Form Rule 26(f) Report for use in Judge Wood/Judge Cheesbro cases as a guide for their conference.  These are only the **minimum** requirements for the meeting.  The Court orders the parties to have a comprehensive discussion and to approach the meeting in good faith and with cooperation.

II.     **Rule 26(f) Report**

Within **fourteen (14) days** after the required Rule 26(f) Conference, the parties shall submit to the Court a written Report outlining their discovery plan.  See Local R. 26.1(b).  The Report shall conform to the language and format of the Form Rule 26(f) Report for use in Judge Wood/Judge Cheesbro cases located on the Court's website www.gasd.uscourts.gov under

---

[1] The Rule 26(f) Conference may be held telephonically and should be attended by any unrepresented parties and counsel for any represented parties.

"Forms."[2]  The parties should use that Form, as well as this Instruction Order, to guide their discussion at their Rule 26(f) Conference.

The parties shall work together to prepare the Report, and the deadlines in the Report should be mutually agreeable, with a view to achieving resolution of the case with minimum expense and delay.  To the extent the parties cannot agree on an item in the Report, they shall so indicate in the Report.  A party who cannot gain the cooperation of any other party in preparing the Rule 26(f) Report should advise the Court of the other party's failure to cooperate prior to the Report filing deadline.

Should any party seek a stay of discovery or their obligation to file the Rule 26 Report or seek the extension of any other deadline in this case (including an extension of discovery or of a deadline to respond to a motion or to file any other pleading), the party should first contact all other parties and determine if the other parties join in, consent to, or oppose the request.  When filing a motion seeking a stay or an extension, the moving party must state in its motion whether the other parties join in, consent to, or oppose the request.

### III. Electronically Stored Information

During the Rule 26(f) Conference, the parties shall specifically discuss the preservation and production of electronically stored information.  That discussion shall include, as to each party:

A. The electronic sources and records the party maintains and how the party's electronic data and records are stored;

B. The electronic sources and records each party will search and the method of search that will be used (including any search terms);

C. The difficulty/ease of retrieving various data and information and who will

---

[2] The parties must use the current version of this Form located on the Court's website when preparing their Report.  When using this fillable Word document, the parties are reminded to follow the Court's procedures for electronic filings, detailed below in Section VI.  Specifically, counsel shall not print and then scan the Rule 26(f) Report before filing but should instead directly convert the completed report into a text-searchable PDF for filing.

      bear the costs of retrieval and production;

D. The format and media agreed to by the parties for the production of electronically stored information (including any production of meta-data), as well as agreed procedures for such production;

E. The persons most familiar with the party's computer and electronic storage system and the persons who are responsible for preservation of electronically stored information, including any third parties who may have access to or control over any such information;

F. Whether reasonable measures have been implemented to preserve data, including the party's document retention/destruction policy, whether the party has placed a "litigation hold" preventing destruction of potentially relevant records, and whether the issuance of a preservation order is required; and

G. The extent to which search and disclosure of electronic data should be limited to that which is available in the normal course of business or otherwise and the anticipated scope, cost, and time required for search and disclosure of such information beyond that which is available in the normal course of business.

**IV.   Privileged, Protected, or Confidential Information**

During the Rule 26(f) Conference, the parties shall discuss specifically the discovery and production of privileged, protected, or confidential information. That discussion shall include:

A. The methods the parties will employ to assert claims of privilege, protection, or confidentiality, including the form and substance of any privilege logs;

B. Whether the parties anticipate discovery issues or challenges arising from non-disclosure of allegedly privileged, protected, or confidential information;

C. Whether reasonable date ranges should be established for which privilege log entries for privileged, protected, or confidential information need not be made;

D. Whether the parties will request a protective order to prevent the further release of information disclosed in discovery; and

E. As contemplated by Rule 502(e) of the Federal Rules of Evidence, whether there is a need for the terms of any agreement regarding disclosure of privileged attorney-party communications or confidential work product to be incorporated into a court order and whether the parties will seek court

approval of any such agreement.

## V. Scheduling Conference

The Court may hold a Scheduling Conference after receipt of the parties' Rule 26(f) Report and before issuing a Scheduling Order. At that conference, the Court will discuss in detail the parties' proposed discovery plan and scheduling order, as well as any issues the parties raise in their Rule 26(f) Report. This Conference need only be attended by counsel and by any unrepresented parties. Ordinarily, the Court will allow appearance at the Scheduling Conference via telephone. If a Scheduling Conference is necessary, it should be held no more than twenty (20) days after the submission of the parties' Rule 26(f) Report.

## VI. Form of Electronic Filings

The parties are directed to read and follow the Court's revised Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means, available on the Court's website www.gasd.uscourts.gov under "For Attorneys" and "Administrative Procedures for Electronic Filing." Documents in their native format such as Word or WordPerfect must be converted into a text-searchable PDF before filing. Most word processing applications allow publishing or converting to PDF within the application. There are also commercial and free PDF converters available for use. **Participants should not print and scan electronic documents for submission into CM/ECF**. Documents should not be scanned prior to e-filing unless the original documents are unavailable in electronic format or require original signature. Attachments not available in electronic format shall be scanned by the filer into PDF format for electronic submission. The participant is responsible for the legibility of the uploaded image. For assistance with conversion or scanning, contact the CM/ECF Helpdesk at (912) 650-4010 or ecf_web@gasd.uscourts.gov.

## VII. Resolution of Discovery Disputes

It is hereby **ORDERED** that the following steps be undertaken by all parties **prior** to the filing of any discovery motions. This includes **any** motions filed pursuant to Title V of the Federal Rules of Civil Procedure, including but not limited to motions to compel, motions to quash, motions for a protective order, disputed motions for extensions of time to conduct discovery, disputed motions for examination, or motions for discovery sanctions.

A. The parties are strongly encouraged to informally resolve all discovery issues and disputes without the necessity of Court intervention. In that regard, the parties are first required to confer and fully comply with Rules 26 and 37 of the Federal Rules of Civil Procedure and Local Rule 26.5 by undertaking a sincere, good faith effort to resolve all differences without Court action or intervention.

B. In the event that reasonable, good faith efforts have been made by all parties to confer and attempt to resolve any differences, without success, the parties are then required to schedule a telephonic conference with the Magistrate Judge in an effort to try to resolve the discovery dispute **prior to** the filing of any motions.[3] **The parties shall exhaust the first two steps of the process before filing any motions, briefs, memoranda of law, exhibits, deposition transcripts, or any other discovery materials with the Court.**

C. If the dispute still cannot be resolved following a telephonic conference with the Magistrate Judge, then the Court will entertain a discovery motion. In connection with the filing of any such motions, the moving party shall submit the appropriate certifications to the Court, as required by Federal Rules of Civil Procedure Rules 26 and 37.

The Court will refuse to hear any discovery motion unless the parties have made a sincere, good faith effort to resolve the dispute **and** there has been strict compliance with all of the above-identified steps. Failure to fully comply with all of the prerequisite steps may result in a denial of any motion, with prejudice, and may result in an award of costs and reasonable attorney's fees.

---

[3] The parties may schedule such a conference by contacting the Magistrate Judge's Courtroom Deputy Clerk.

6

## CONCLUSION

Plaintiff's counsel, or if applicable, the *pro se* plaintiff, shall ensure that a copy of this Order is served upon all parties without delay.

**SO ORDERED**, this 3rd day of September, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA