**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF GEORGIA**

**BRUNSWICK DIVISION**

Civil Action No. 2:24-cv-00103-JRH-CLR

STATE OF MISSOURI,
et al.          Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
EDUCATION, et al
          Defendants.

_____/

FILED
U.S. DISTRICT COURT
BR [illegible] DIV.

2024 SEP 20  A 10: 48

CLERK _____
SO. DIST. OF GA,

## ERWIN ROSENBERG'S MOTION TO INTERVENE AS OF RIGHT AND/OR PERMISSIVELY

Rule 24 states as follows:

"(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissive Intervention.

(1) In General. On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact."

1

Erwin Rosenberg claims an interest relating to the property or transaction that is the subject of the action because Erwin Rosenberg took out law school loans where the federal government was a lender and/or guarantor and Erwin Rosenberg did not pay back in full those loans. This Court has issued a TRO that states "Further, Defendants are RESTRAINED from mass canceling student loans, forgiving any principal or interest, not charging borrowers accrued interest, or further implementing any other actions under the Rule or instructing federal contractors to take such actions. This Order applies to all of Defendants' officers, agents, employees, attorneys, and other persons in active concert or participation with them." Whether Erwin Rosenberg's loans which may anyway be uneforceable due to the statute of limitations is covered by the Executive's intended loan forgiveness, Erwin Rosenberg may very well gain a better opportunity at future student loans from the federal government if the xecutive were able to proceed with its intended loan forgiveness plan.

Erwin Rosenberg is so situated that disposing of the action may as apractical matter impair or impede his ability to protect his interests and existing parties would not adequately represent that interest. Plaintiffs wish to stop the loan forgiveness plan. Defendant's interest is in protecting its intended loan forgiveness plan; however, it seems theat Defendant's grounds are merely to relieve the economy. See Missouri v. Biden, Court of Appeals, 8th Circuit, Nos. 24-2332, 24-2351. (August 9, 2024) at II: "Moreover, the Government's assertion that it has "discover[ed] in a long-extant statute an unheralded power to regulate a significant portion of the American economy" requires us to "greet [that] announcement with a measure of skepticism." Util. Air Regul. Grp. v.

2

EPA, 573 U.S. 302, 324 (2014) (internal quotation marks omitted)."

If Rosenberg is not entitled to intervene as of right this Court should exercise its discretion to allow intervention permissively as Florida's abuse of the First Amendment may render its claims of loan enforcement unenforceable and this is a relevant consideration in general in this case as Florida and the other Plaintiff States routinely violate the First Amendment by restrictive professional speech of lawyers at least by suspending or disbarring lawyers and incidentally causing federal government issued or guaranteed loans to be unpaid in full.  Wherefore Rosenberg moves to intervene as of right and/or permissively per the attached proposed intervenor complaint.

## PROPOSED INTERVENOR COMPLAINT

CLAIM 1: ERWIN ROSENBERG'S CLAIM AGAINST THE STATE OF FLORIDA PURSUANT TO THE FIRST AMENDMENT OF THE U.S. CONSTITUTION AS APPLIED TO THE STATES VIA THE FOURTEENTH AMENDMENTT

1.     This Court has jurisdiction as there is a claim under federal law.

2.     The State of Florida waived the Eleventh Amendment as it appeared voluntarily in this Court.

3.     The State of Florida violated Erwin Rosenberg's First Amendment right to free speech, which per the 14th Amendment binds the States, when it interfered with Erwin

Rosenberg's ability to continue to practice law by approving a trial court judge's "bad faith" investigation into discovery responses and suspeding, disbarring and prefiling restricting Erwin Rosenberg.  See <u>The Florida Bar v. Rosenberg,</u> 169 So. 3d 1155 (Fla: 2015).  See also <u>Matter of Rosenberg</u>, 221 AD 3d 1131 - (NY: Appellate Div., 3rd Dept. 2023).

4.    The State of Florida caused Erwin Rosenberg to suffer damages, economic, reputation and otherwise, by depriving him of his First Amendment free speech rights.

5.    Wherefore Erwin Rosenberg sues the State of Florida for compensatory and punitive damages as well as a declaratory judgment which would provide prospective relief as it would help Erwin Rosenberg again become in godo standing with the Florida Bar and otherwise.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify I mailed this document to the Clerk on September 15, 2024 and it will be served upon filing ia CM/ECF

Respectfully Submitted,

/s/ Erwin Rosenberg
Erwin Rosenberg
1000 West Island Blvd. 1011
Aventura, Florida 33160
Tel 786-299-2789
erwinrosenberg@gmail.com

4

Cruis Rosenberg
1000 W. Island Blvd. #501
Aventura, FL 33160

1634

MIAMI FL
16 SEP 2024 PM 1 L

FOREVER    USA

U.S. COURTHOUSE S.Dist. GEORGIA

801 GLOUCESTER STREET

BAUNSWICK, GA    31520

31520-707699



INSPECTED BY