UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:24-cv-01316-MTS |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF EDUCATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case comes before the Court on the twenty-eighth and final day of a temporary restraining order entered by the United States District Court for the Southern District of Georgia. On September 05, 2024, the District Court temporarily restrained the Defendants from implementing the Third Mass Cancellation Rule, which would cancel billions of dollars in student loan debt borrowers undertook. The District Court held a hearing on Plaintiffs' motion to dismiss on September 18, 2024, and, the next day, extended the temporary restraining order another fourteen days while the District Court considered the submitted motions. Yesterday, the District Court concluded that Georgia should be dismissed as a party to the suit based on a lack of standing. With Georgia no longer a Plaintiff, the District Court concluded that venue should be transferred to this Court, noting that Missouri had "clear standing" in this matter.

This Court now picks up where the Southern District of Georgia left off. The motion for preliminary injunction on which the Southern District of Georgia did not rule is now ripe for decision. The Court has reviewed the record in this case, including the briefing in support of Plaintiffs' motion for preliminary injunction, Defendants' response in opposition, and the transcript of the hearing held in the Southern District of Georgia. With all that independently

considered, this Court agrees fully with the Southern District's conclusions in the original temporary restraining order and will extend restraining order into a preliminary injunction. *See also Telex Corp. v. Int'l Bus. Machines Corp.*, 464 F.2d 1025, 1025 (8th Cir. 1972) (finding that since the district court's order exceeded the time limitation set forth in Rule 65(b) for temporary restraining orders, the order was "tantamount to an issuance of a preliminary injunction").

The United States Court of Appeals for the Eighth Circuit's *Dataphase Systems* governs whether this Court should issue a preliminary injunction in this matter. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc) (listing the factors district courts should consider when determining whether to issue preliminary injunctive relief). These are in accord with those of the United States Court of Appeals for the Eleventh Circuit, which the Southern District of Georgia considered. *See GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers*, 38 F. Supp. 3d 1365, 1369 (N.D. Ga. 2014), *aff'd*, 788 F.3d 1318 (11th Cir. 2015). This Court reaches the same conclusion as the Southern District of Georgia on an independent consideration of each *Dataphase* factor.

The Court of Appeals for the Eighth Circuit already has found that irreparable harm to the Plaintiffs will occur if Defendants wrongfully and unlawfully eliminate the debt at issue. *See Missouri v. Biden*, 112 F.4th 531 (8th Cir. 2024). And Plaintiffs are likely to succeed on the merits in showing that Defendants' actions would be unlawful, like every court reviewing the previous plans to unilaterally erase it. *See, e.g.*, *Biden v. Nebraska*, 143 S. Ct. 2355 (2023). Balancing the harm and the injury, merged with the public's interest, easily leads this Court to the conclusion that preliminary injunctive relief should issue. The public has an immense interest in its own government following the law.

In addition, a preliminary injunction will "preserve status or rights pending conclusion" of the review in this case. *See* 5 U.S.C. § 705. "The primary function of a preliminary injunction is to preserve the status quo until, upon final hearing, a court may grant full, effective relief." *See Ferry-Morse Seed Co. v. Food Corn, Inc.*, 729 F.2d 589, 593 (8th Cir. 1984). Allowing Defendants to eliminate the student loan debt at issue here would prevent this Court, the U.S. Court of Appeals, and the Supreme Court from reviewing this matter on the backend, allowing Defendants' actions to evade review.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Preliminary Injunction, Doc. [5], is **GRANTED**.

Defendants are **PRELIMINARILY ENJOINED** from implementing the Third Mass Cancellation Rule. Further, Defendants are **ENJOINED** from mass canceling student loans, forgiving any principal or interest, not charging borrowers accrued interest, or further implementing any other actions under the Rule or instructing federal contractors to take such actions. This Order applies to all of Defendants' officers, agents, employees, attorneys, and other persons in active concert or participation with them. Further, the Court has exercised its discretion to determine that no bond shall be required. This Order shall be **EFFECTIVE IMMEDIATELY**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Stay filed in this Court, Doc. [55], is **DENIED** as moot.

Dated this 3rd day of October 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE