# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

STATE OF MISSOURI, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,

    *Defendants*.

Case No. 4:24-cv-01316-MTS

## **DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO INTERVENE**

On September 20, 2024, Erwin Rosenberg filed a motion to intervene in this litigation. ECF No. 50. Because Mr. Rosenberg has not satisfied the standards for intervention of right or permissive intervention, the Court should deny his motion.

For intervention of right, Federal Rule of Civil Procedure 24 requires a court to permit the intervention of anyone who, on a timely motion, either has an "unconditional right to intervene" under a federal statute, Fed. R. Civ. P. 24(a)(1), or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest," Fed. R. Civ. P. 24(a)(2). *See also Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 190 (2022). Mr. Rosenberg identifies no statutory "unconditional right to intervene." He instead purports to have a personal interest in this litigation because he "took out law school loans where the federal government was a lender and/or guarantor," and because he "did not pay back in full those loans." Mot. at 2. Mr. Rosenberg also asserts that he "may very well gain a

1

better opportunity at future student loans from the federal government" if Plaintiffs' challenge fails. *Id.*

Mr. Rosenberg's purported stake in this suit is not the sort of "direct, substantial, legally protectable" interest the Eighth Circuit requires of would-be intervenors. *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 839 (8th Cir. 2009) (quoting *Standard Heating & Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 571 (8th Cir. 1998)). To the contrary, he asserts that a not-yet-promulgated student debt relief rule may benefit him by resulting in the forgiveness of his outstanding student loans. Mr. Rosenberg provides no facts suggesting that his loans would be covered by the proposed rule, let alone by any final rule, and concedes that is unclear. Mot. at 2 ("Whether Erwin Rosenberg's loans . . . is [sic] covered by the Executive's intended loan forgiveness . . ."). In addition, his alleged grievance is generalized and thus cannot support intervention of right. *See Metro. St. Louis Sewer Dist.*, 569 F.3d at 839 (citing *Pub. Serv. Co. v. Patch*, 136 F.3d 197, 205 (1st Cir. 1998)).

Even if Mr. Rosenberg had a cognizable interest, it is adequately represented by Defendants, who would seek to uphold any eventually promulgated final rule against constitutional and statutory challenge. *See Entergy Arkansas, LLC v. Thomas*, 76 F.4th 1069, 1071-72 (8th Cir. 2023) ("Where a proposed intervenor's asserted interest is one that a governmental entity who is a party to the case is charged with protecting, we presume that the government's representation is adequate." (citation omitted)); *cf. Stuart v. Huff*, 706 F.3d 345, 352 (4th Cir. 2013) (establishing a presumption that where both a government agency and a putative intervenor seek to sustain a law, "the putative intervenor must mount a strong showing of inadequacy" of the government's representation). Mr. Rosenberg concedes that "Defendant's interest is in protecting its intended loan forgiveness plan," Mot. at 2, but nonetheless claims that Defendant's interest is "merely to relieve the economy," based on nothing more than taking a quote from another case out of context. *Id.* In any event, even if Defendants'

reasons for defending the rule differed from Mr. Rosenberg's personal interests, it would not negate the alignment in desired outcome.

Nor should the Court allow permissive intervention. Mr. Rosenberg does not point to a statute granting him a conditional right to intervene. *See* Fed. R. Civ. P. 24(b)(1)(A). And his proposed claim—that Plaintiff Florida violated his First Amendment rights by suspending or disbarring him—shares no "common question of law or fact" with the complaint. *See* Mot. at 3-4; Fed. R. Civ. P. 24(b)(1)(B).

For the foregoing reasons, the Court should deny Mr. Rosenberg's motion to intervene.

| | |
|---|---|
| Dated:  October 4, 2024 | Respectfully submitted,<br><br>BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>MARCIA BERMAN<br>Assistant Branch Director<br><br>*/s/ Simon G. Jerome*<br>STEPHEN M. PEZZI<br> D.C. Bar No. 995500<br> Senior Trial Counsel<br>SIMON GREGORY JEROME<br> D.C. Bar. No. 1779245<br> Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, D.C. 20005<br>Tel.:  (202) 514-2705<br>Email:  simon.g.jerome@usdoj.gov<br><br>*Counsel for Defendants* |