**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| STATE OF MISSOURI, *et al.*,<br><br>　　　　*Plaintiffs*,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,<br><br>　　　　*Defendants*. | Case No. 4:24-cv-01316-MTS |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS FOR LACK OF VENUE**

<br>

　　　　　　　　　　　　　　　　　　　BRIAN M. BOYNTON
　　　　　　　　　　　　　　　　　　　Principal Deputy Assistant Attorney General

　　　　　　　　　　　　　　　　　　　MARCIA BERMAN
　　　　　　　　　　　　　　　　　　　Assistant Branch Director

　　　　　　　　　　　　　　　　　　　STEPHEN M. PEZZI
　　　　　　　　　　　　　　　　　　　 D.C. Bar No. 995500
　　　　　　　　　　　　　　　　　　　 Senior Trial Counsel
　　　　　　　　　　　　　　　　　　　SIMON GREGORY JEROME
　　　　　　　　　　　　　　　　　　　 D.C. Bar. No. 1779245
　　　　　　　　　　　　　　　　　　　 Trial Attorney
　　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch
　　　　　　　　　　　　　　　　　　　1100 L Street, N.W.
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20005
　　　　　　　　　　　　　　　　　　　Tel.:  (202) 514-2705
　　　　　　　　　　　　　　　　　　　Email:  simon.g.jerome@usdoj.gov

　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*

**TABLE OF CONTENTS**

**INTRODUCTION** ...........................................................................................................................1

**BACKGROUND** ...........................................................................................................................1

**ARGUMENT** .................................................................................................................................2

    I.    VENUE IS IMPROPER IN THE EASTERN DISTRICT OF MISSOURI .........................3

    II.   DISMISSAL WITHOUT PREJUDICE IS THE APPROPRIATE REMEDY. ...................5

**CONCLUSION** ..............................................................................................................................7

## TABLE OF AUTHORITIES

**CASES**

*Alabama v. U.S. Army Corps of Eng'rs*,
  382 F. Supp. 2d 1301 (N.D. Ala. 2005) ................................................................................3

*Biden v. Nebraska*,
  143 S. Ct. 2355 (2023) .........................................................................................................2

*Birnbaum v. Blum*,
  546 F. Supp. 1363 (S.D.N.Y. 1982) .....................................................................................4

*California v. Azar*,
  911 F.3d 558 (9th Cir. 2018) ................................................................................................3

*Cochise Consultancy, Inc. v. United States ex rel. Hunt*,
  587 U.S. 262 (2019) .............................................................................................................5

*Cohen v. Newsweek, Inc.*,
  312 F.2d 76 (8th Cir. 1963) ..................................................................................................3

*FTC v. Bint Operations LLC*,
  595 F. Supp. 3d 740 (E.D. Ark. 2022) .................................................................................3

*Leonhart v. McCormick*,
  395 F. Supp. 1073 (W.D. Pa. 1975) .....................................................................................4

*Missouri v. Biden*,
  No. 4:24-cv-00520, 2024 WL 3104514 (E.D. Mo. June 24, 2024) ......................................3

*Nestor v. Hershey*,
  425 F.2d 504 (D.C. Cir. 1969) .............................................................................................4

*O'Neill v. Battisti*,
  472 F.2d 789 (6th Cir. 1972) ................................................................................................4

*Ortho Sols., LC v. Sanchez*,
  No. 4:19-cv-1307, 2019 WL 2450966 (E.D. Mo. June 12, 2019) ........................................5

*Perkins v. Snider*,
  No. Civ. A. 94-4785, 1994 WL 530045 (E.D. Pa. Sept. 2, 1994) ........................................4

*Republic of Iraq v. Beaty*,
  556 U.S. 848 (2009) .............................................................................................................5

**STATUTES**

28 U.S.C. § 1391................................................................................................................*passim*

28 U.S.C. § 1406................................................................................................................ 3, 5, 6

**RULES**

Fed. R. Civ. P. 12.......................................................................................................................7

Fed. R. Civ. P. 41.......................................................................................................................6

**OTHER AUTHORITIES**

14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3805 (4th ed. 2023 update)..................................................................................................................................5

14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3826 (4th ed. 2024)....3

14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3827 (4th ed. 2024)....6

15 Bus. & Com. Litig. Fed. Cts. § 162:39 (5th ed. 2022 update) ...................................................4

17 Moore's Federal Practice - Civil § 110.03 (2023)......................................................................4

# INTRODUCTION

This suit began in the Southern District of Georgia, where Plaintiffs advanced a theory of standing related to then-Plaintiff Georgia's purported loss of tax revenues. The court rejected Georgia's standing claim, however, dismissed Georgia as a plaintiff, and transferred the case here, to the Eastern District of Missouri. But, respectfully, while closer to the mark—after all, the case is now in one of Plaintiff Missouri's two federal districts—that transfer still landed in the wrong place. For even crediting Plaintiffs' lead standing theory (as both the Southern District of Georgia and this Court have done at this preliminary stage), this suit could properly be brought in the Western District of Missouri, but not the Eastern District. That is so under the plain text of the federal venue statute, which establishes that a State resides, "[f]or all venue purposes," "*only* in *the* judicial district in which it maintains its principal place of business." 28 U.S.C. § 1391(c)(2) (emphases added). Here, that is Jefferson City, the State's capital, which is located in the Western District of Missouri. To adhere to the unambiguous statutory commands of the federal venue statute, the Court should either dismiss the case without prejudice or transfer it to one of the two districts in which it might have been brought.

# BACKGROUND

Plaintiffs—the States of Missouri, Alabama, Arkansas, Florida, North Dakota, and Ohio[1]—filed this lawsuit on September 3, 2024. They named as Defendants the United States Department of Education, Miguel A. Cardona (in his official capacity as Secretary of Education), and President Joseph R. Biden, Jr. (in his official capacity as President of the United States). Plaintiffs purported to challenge what they referred to in their filings as "the Third Mass Cancellation Rule" related to student debt relief (which, in fact, did not then—and still does not now—exist). Alongside their complaint, Plaintiffs also filed a motion for a temporary restraining order, a stay, and a preliminary injunction. Mem. in Supp. of Pls.' Mot. for Inj. Relief, ECF No. 5.

The Southern District of Georgia entered a two-week temporary restraining order two days after this suit was filed, before Defendants had made any substantive filings. TRO, ECF No. 17. The

---

[1] Georgia was dismissed as a plaintiff on October 2, 2024, as discussed below. Op. on Dismissal & Transfer at 10, 12, ECF No. 52.

court concluded that Missouri has standing under the Supreme Court's decision in *Biden v. Nebraska*, 143 S. Ct. 2355 (2023), solely based on Missouri's allegations about the Higher Education Loan Authority of the State of Missouri (MOHELA), which is "a Missouri public instrumentality that is paid to service federal student loans," TRO at 3-4.  In addition to opposing Plaintiffs' request for injunctive relief, Defs.' Mem. in Opp'n to Pls.' Mot. for Inj. Relief (TRO Opp'n), ECF No. 35, Defendants moved to dismiss for improper venue, Mot. to Dismiss, ECF No. 37.  After a hearing, the court extended its temporary restraining order for an additional two weeks.  TRO Ext'n, ECF No. 49. In an October 2 decision, however, the court agreed with Defendants that Georgia lacked standing and thus that there was no basis for venue in Georgia.  Op. on Dismissal & Transfer at 10-11.  The court also reaffirmed its prior conclusion that Missouri had standing (through claims of injury to its instrumentality, MOHELA), and transferred the case to this district.  *Id.* at 11.  Following that transfer, the Court converted the temporary restraining order into a preliminary injunction.  Op. on Prelim. Inj., ECF No. 57.  Defendants now move to dismiss for lack of venue, based on an alternative argument that Defendants raised, but the court in Georgia did not address.

## **ARGUMENT**

In their first motion to dismiss, Defendants argued that venue did not lie in the Southern District of Georgia for two separate and independent reasons.  To start, a plaintiff without standing (like former Plaintiff Georgia) cannot establish venue; thus, none of the three federal judicial districts in Georgia was a suitable venue.  But even if Georgia had standing and thus could serve as the basis for venue, Defendants also argued, the plain text of the federal venue statute only permitted the suit to be brought in the Northern District, within which the state's capital is located.  The court in the Southern District of Georgia correctly dismissed Georgia from this suit for lack of standing, and agreed with Defendants on the first argument.  But it did not analyze the second at all.  Instead, reasoning only that Plaintiffs relied on MOHELA as their "primary basis for standing," Op. on Dismissal & Transfer at 11, Judge Hall determined that transfer to this district was the "most equitable result."

The federal venue statute, however, requires more than that the transferee district's receipt of the case serve the "interest of justice," 28 U.S.C. § 1406(a), to which the Southern District of Georgia seemingly adverted in its transfer opinion. Such district must also be one "in which [the suit] could have been brought" in the first instance. *Id.* The Eastern District of Missouri is not such a district, because no Plaintiff resides here. Accordingly, this case should be dismissed or transferred.

**I.      VENUE IS IMPROPER IN THE EASTERN DISTRICT OF MISSOURI.**

Where, as here, a case is brought against "an agency of the United States," venue is proper only in a "judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). When the defendant challenges venue, the plaintiff bears the burden of showing that venue in the forum is proper. *FTC v. Bint Operations LLC*, 595 F. Supp. 3d 740, 754 (E.D. Ark. 2022) (citing *Cohen v. Newsweek, Inc.*, 312 F.2d 76, 78 (8th Cir. 1963)); *accord* 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3826 (4th ed. 2024).

In their complaint, Plaintiffs put forward only one venue theory: that "Plaintiff Georgia is a resident of [the Southern District of Georgia] because a State resides everywhere within its borders." Compl. ¶ 31, ECF No. 1. They would presumably rely on the same rationale to justify venue in this district, to which they requested that the Southern District of Georgia transfer the case (if at all), without further justification. *See* Transcript of Oral Arg. at 21, Ex. A; *see also* Compl. ¶ 35, *Missouri v. Biden*, No. 4:24-cv-00520 (Apr. 9, 2024). Although several courts have adopted this view, none of them binds this Court. And the view is irreconcilable with the text and structure of the federal venue statute, in ways that other courts have often overlooked. *See, e.g.*, *California v. Azar*, 911 F.3d 558, 570 (9th Cir. 2018) (relying on the unsupported assertion that a "state is ubiquitous throughout its sovereign borders"); *Alabama v. U.S. Army Corps of Eng'rs*, 382 F. Supp. 2d 1301, 1329 (N.D. Ala. 2005) (holding the same as a matter of "common sense"); *Missouri v. Biden*, No. 4:24-cv-00520, 2024 WL 3104514, at *20 (E.D. Mo. June 24, 2024) (citing only to out-of-circuit precedent).

3

The plain text of the federal venue statute is unambiguous: "For all venue purposes . . . an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside . . . if a plaintiff, only in the judicial district in which it maintains its principal place of business." 28 U.S.C. § 1391(c)(2).

The State of Missouri maintains its principal place of business where it performs its official duties—that is, in its capital, Jefferson City, located in the Western District. *See, e.g.*, *Leonhart v. McCormick*, 395 F. Supp. 1073, 1078 (W.D. Pa. 1975) (explaining "all defendants are state officers of statewide jurisdiction whose official residence is the state capitol at Harrisburg in the Middle District of Pennsylvania"); *cf.* 15 Bus. & Com. Litig. Fed. Cts. § 162:39 (5th ed. 2022 update) ("As a general rule, state officials sued in their official capacities will be deemed to reside where they conduct their official duties.  State officials with 'statewide jurisdiction' may be deemed to reside in the state capitol."); *Perkins v. Snider*, No. Civ. A. 94-4785, 1994 WL 530045, at *1 (E.D. Pa. Sept. 2, 1994) (similar); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) ("The official residence of the Supreme Court of Ohio is in the place where it performs its official duties, that is, Columbus, the State Capital and the seat of State Government."); *Nestor v. Hershey*, 425 F.2d 504, 521 n.22 (D.C. Cir. 1969) ("Where a public official is a party to an action in his official capacity he resides in the judicial district where he maintains his official residence, that is where he performs his official duties."); *Birnbaum v. Blum*, 546 F. Supp. 1363, 1366 (S.D.N.Y. 1982) (same); 17 Moore's Federal Practice - Civil § 110.03 (2023) (same).

Congress defined "[r]esidency . . . [f]or all venue purposes," 28 U.S.C. § 1391(c), only for the following litigants:

- "[N]atural person[s]," 28 U.S.C. § 1391(c)(1);
- "[E]ntit[ies] with the capacity to sue and be sued in [their] common name under applicable law, whether or not incorporated," *id.* § 1391(c)(2);
- Defendants "not resident in the United States," *id.* § 1391(c)(3); and
- "[C]orporations in States with multiple districts," *id.* § 1391(d).

Congress could have created a fifth category for States.  It did not.  Accordingly, because State sovereigns are not specifically enumerated—and being neither natural persons, non-residents of the

4

United States, nor corporations—they fall into the residual category under § 1391(c)(2) for "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated." *Id.* § 1391(c)(2); *see also Republic of Iraq v. Beaty*, 556 U.S. 848, 860 (2009) ("[T]he whole value of a generally phrased residual clause . . . is that it serves as a catchall for matters not specifically contemplated—known unknowns[.]"). Such an entity, "if a plaintiff," resides "only in the judicial district in which it maintains its principal place of business." 28 U.S.C. § 1391(c)(2).

Here, that district is the Western District of Missouri, which includes Jefferson City. And because an entity plaintiff can reside in only one district at a time—the statute explicitly provides that it resides "*only* in *the* judicial district in which it maintains its principal place of business"—Missouri cannot assert dual residency outside the Western District. *See id.* § 1391(c)(2) (emphases added); *see also* 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3805 (4th ed. 2023 update) ("[R]eference to 'the' and the singular 'its principal place of business' compels the conclusion that an entity plaintiff (unlike an entity defendant) can reside in only one district at a time."); *cf. Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 587 U.S. 262, 272 (2019) (Congress's "use of the definite article 'the' suggests that Congress did not intend for any and all private relators to be" covered by the certain provisions of the False Claims Act). The result is that venue is improper in this district, in which no Plaintiff resides.

## II.   DISMISSAL WITHOUT PREJUDICE IS THE APPROPRIATE REMEDY.

Separate from Rule 12(b)(3), 28 U.S.C. § 1406(a) provides that, in the case of improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." As between those options, the choice is left to the Court's discretion. *See Ortho Sols., LC v. Sanchez*, No. 4:19-cv-1307, 2019 WL 2450966, at *5 (E.D. Mo. June 12, 2019). But here, "the interest[s] of justice" favor dismissal, rather than transfer. *Id.*

Plaintiffs are sophisticated litigants, who—despite originally (and erroneously) selecting the Southern District of Georgia—requested this venue in the event the prior court transferred the case. Transcript of Oral Arg. at 21. That was an intentional choice, made with full awareness of the downside risk: that their only claim to venue would turn on whether Missouri resides in this district.

5

*See* Compl. ¶ 31 (citing recent venue litigation involving similar issues and several of the same parties and attorneys). There is no reason for this Court to rescue Plaintiffs from the consequences of their own strategic litigation decisions. *See* 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3827 (4th ed.) ("[D]istrict courts often dismiss rather than transfer under Section 1406(a) if the plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper and that similar conduct should be discouraged.").

In addition, dismissal will cause minimal (if any) prejudice: Plaintiffs (or any subset of them that can show standing) can refile in another district where there is no venue problem. *See* Fed. R. Civ. P. 41(b) (venue dismissal is not "an adjudication on the merits" and thus would not have any preclusive effect). That no prejudice would result from dismissal, instead of transfer, is a conclusion strengthened by the (inappropriately) early juncture at which Plaintiffs brought their case. As detailed in Defendants' opposition to Plaintiffs' motion for injunctive relief (at 11-13), the Department has not taken any final agency action. If, after dismissal, Plaintiffs continue to believe their interests are put at risk by some future agency action, they can refile to challenge that action if and when it actually happens.

If instead the Court believes transfer to be an appropriate alternative to dismissal, the federal venue statute provides only two options: the Western District of Missouri or the District of Columbia. For the reasons detailed in Defendants' prior motion to dismiss, a plaintiff's residence may only support venue if that plaintiff has standing. *See* Mot. to Dismiss at 8-9. Here, the only Plaintiff with a court-sanctioned theory of standing,[2] *see* Op. on Dismissal & Transfer at 11 (analyzing Missouri's standing); Op. on Prelim. Inj. at 1-2 (adopting the conclusions of the Southern District of Georgia in relevant respects), is Missouri, which resides in the Western District. In contrast, the only theory advanced by the remaining Plaintiffs, save North Dakota, is the same tax-revenue theory that the

---

[2] For the reasons articulated in their opposition to Plaintiffs' motion for injunctive relief, TRO Opp'n at 13-25, Defendants continue to believe that no Plaintiff has standing to bring this suit. Nevertheless, Defendants recognize that the Court reached a contrary conclusion in its preliminary injunction order.

6

Southern District of Georgia (and, by extension, this Court) expressly rejected. *See* Compl. ¶¶ 120-22; Op. on Dismissal & Transfer at 4-10. And North Dakota's standing theory, for the reasons elaborated in Defendants' opposition to Plaintiffs' motion for injunctive relief, is deficient. TRO Opp'n at 19-21. Transfer would also be proper to the District of Columbia, where Defendants reside and a substantial part of the events giving rise to Plaintiffs' claims (premature though they are) occurred, if anywhere. *See* 28 U.S.C. § 1391(e)(1).

## **CONCLUSION**

For these reasons, the Court should dismiss this case, without prejudice, for lack of venue under Federal Rule of Civil Procedure 12(b)(3).

7

Dated:  October 16, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Simon G. Jerome*
STEPHEN M. PEZZI
 D.C. Bar No. 995500
 Senior Trial Counsel
SIMON GREGORY JEROME
 D.C. Bar. No. 1779245
 Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.:  (202) 514-2705
Email:  simon.g.jerome@usdoj.gov

*Counsel for Defendants*