# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

STATE OF MISSOURI, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,

    *Defendants*.

Case No. 4:24-cv-01316-MTS

# DEFENDANTS' REPLY IN SUPPORT OF THEIR
# MOTION TO DISMISS FOR LACK OF VENUE

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

STEPHEN M. PEZZI
 D.C. Bar No. 995500
 Senior Trial Counsel
SIMON GREGORY JEROME
 D.C. Bar. No. 1779245
 Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 514-2705
Email: simon.g.jerome@usdoj.gov

*Counsel for Defendants*

**TABLE OF CONTENTS**

**INTRODUCTION** ..................................................................................................................1

**ARGUMENT** .........................................................................................................................1

**I.   VENUE IS IMPROPER IN THE EASTERN DISTRICT OF MISSOURI** ....................1

    A.   Missouri Resides in the Western District of Missouri.................................................2

    B.   Venue in the Eastern District of Missouri Is Not Law of the Case..........................5

**II.   DISMISSAL WITHOUT PREJUDICE IS THE APPROPRIATE REMEDY.** ...............6

**CONCLUSION**.....................................................................................................................6

## **TABLE OF AUTHORITIES**

**CASES**

*Alexander v. Jensen-Carter*,
   711 F.3d 905 (8th Cir. 2013) ................................................................................................. 5

*Atlanta & F. R. Co. v. Western Ry. Co. of Ala.*,
   50 F. 790 (5th Cir. 1892) ....................................................................................................... 4

*Bostock v. Clayton Cnty.*,
   590 U.S. 644 (2020) ............................................................................................................... 3

*California v. Azar*,
   911 F.3d 558 (9th Cir. 2018) ................................................................................................. 2

*Christianson v. Colt Indus. Operating Corp.*,
   486 U.S. 800 (1988) ........................................................................................................... 5, 6

*Gulf Ins. Co. v. Glasbrenner*,
   417 F.3d 353 (2d Cir. 2005) .................................................................................................. 4

*Lac du Flambeau Band of Lake Superior Chippewa Indians v. Coughlin*,
   599 U.S. 382 (2023) ............................................................................................................... 3

*Lamie v. U.S. Tr.*,
   540 U.S. 526 (2004) ............................................................................................................... 3

*Lee v. Chesapeake & Ohio Ry. Co.*,
   260 U.S. 653 (1923) ............................................................................................................... 1

*Little Earth of the United Tribes, Inc. v. U.S. Dep't of Hous. & Urb. Dev.*,
   807 F.2d 1433 (8th Cir. 1986) ............................................................................................... 5

*Lomax v. Ortiz-Marquez*,
   140 S. Ct. 1721 (2020) ........................................................................................................... 3

*Nat'l Ass'n of Mfrs. v. DOD*,
   583 U.S. 109 (2018) ............................................................................................................... 3

*Olberding v. Ill. Cent. R. Co.*,
   346 U.S. 338 (1953) ............................................................................................................... 2

*Ritchie Special Credit Invs., Ltd. v. U.S. Tr.*,
   620 F.3d 847 (8th Cir. 2010) ................................................................................................. 5

*Steen v. Murray*,
   770 F.3d 698 (8th Cir. 2014) ................................................................................................. 5

*Texas v. DHS*,
  661 F. Supp. 3d 683 (S.D. Tex. 2023) ........................................................................................4

**STATUTES**

2 U.S.C. § 1602 .................................................................................................................................2

11 U.S.C. § 101 .................................................................................................................................2

18 U.S.C. § 2711 ...............................................................................................................................2

28 U.S.C. § 1391 ....................................................................................................................*passim*

28 U.S.C. § 1406 ...............................................................................................................................6

Federal Courts Jurisdiction & Venue Clarification Act of 2011,
  Pub. L. No. 112-63, § 202, 125 Stat. 758 ...................................................................................4

**RULES**

Federal Rule of Civil Procedure 12 ................................................................................................6

**OTHER AUTHORITIES**

Black's Law Dictionary (11th ed. 2019) .........................................................................................2

**INTRODUCTION**

Federal procedural law confers on a defendant the "personal privilege" of objecting to improper venue. *Lee v. Chesapeake & Ohio Ry. Co.*, 260 U.S. 653, 655 (1923). Defendants did so in the Southern District of Georgia, arguing that a plaintiff without standing could not create venue and, in the alternative, that venue would only exist in the judicial district encompassing the capital of a Plaintiff State with standing. The district court agreed with Defendants' first theory, did not address the second, and then—based solely on a brief exchange at oral argument, and without further analysis in its written opinion—transferred the case to the Eastern District of Missouri. Now, Defendants have reasserted their venue objection as to the alternative argument they made in Augusta but with which the prior court did not engage; namely, that for purposes of the federal venue statute, a plaintiff State only resides in the district where its capital is located.

Contrary to Plaintiffs' accusations of "improper forum shopping," Pls.' Resp. to Defs.' Mot. to Dismiss at 2, ECF No. 69 (Pls.' Resp.), there is nothing untoward about Defendants exercising the procedural defenses afforded to them by Congress. That is true even if Plaintiffs wish Defendants had not raised those defenses. *Id.* at 5 (noting that an objection to improper venue may be waived). Indeed, Defendants have occasion to raise a venue defense for a second time only because of Plaintiffs' choices—first to sue in a district located in a State that lacked standing, and second to request transfer to a district not encompassing the capital of any other Plaintiff State. Venue here is inconsistent with the plain text of the federal venue statute, text that Plaintiffs would ignore in favor of unpersuasive judicial decisions (none of which binds this Court) and their own proposed revisions to that statutory language. The law-of-the-case doctrine does not obligate the Court to conclude otherwise.

The Court should dismiss this case without prejudice.

**ARGUMENT**

**I.  VENUE IS IMPROPER IN THE EASTERN DISTRICT OF MISSOURI**

Plaintiffs' sole claim to venue in the Eastern District of Missouri hinges on its assertion that a State "resides," under 28 U.S.C. § 1391(c), "throughout its sovereign borders." Pls.' Resp. at 3-4

1

(quoting *California v. Azar*, 911 F.3d 558, 570 (9th Cir. 2018)). That argument, like the cases Plaintiffs cite in support of it, ignores § 1391's text in favor of subjective notions of "common sense." *California*, 911 F.3d at 570 (citation omitted). But "[t]he requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction." *Olberding v. Ill. Cent. R. Co.*, 346 U.S. 338, 340 (1953). The Court should reject Plaintiffs' attempts to rewrite § 1391 and instead give effect to that statute's straightforward textual meaning.

      A.      **Missouri Resides in the Western District of Missouri**

      **1.** Congress explicitly defined the terms of "[r]esidency" "[f]or all venue purposes," 28 U.S.C. § 1391(c), (d). Accordingly, the only question for this Court is which of the residency definitions enumerated in § 1391 applies to Missouri. As explained, *see* Defs.' Mem. of Law in Supp. of Mot. to Dismiss at 3-5, ECF No. 65 (MTD), of the choices available, Missouri is, and can only be, "an entity with the capacity to sue and be sued in its common name under applicable law" within the meaning of 28 U.S.C. § 1391(c) and (d), rather than "a natural person," a "corporation," or "a defendant not resident in the United States".

      Against this straightforward reading, Plaintiffs offer two arguments: that "a State is not 'an entity' for purposes of venue" and that "Missouri does not conduct 'business' in the sense discussed by that statute, which 'explicitly refers to the incorporation status of the "entity[.]"'" Pls.' Resp. at 4 (quoting *California*, 911 F.3d at 570). The first assertion is a mere *ipse dixit*. An interpretation of the term "entity" that includes a State has ample support in other statutes: Congress itself has often defined "entity" to include governmental units. *See, e.g.*, 2 U.S.C. § 1602(14) ("entity" includes "State or local government"); 11 U.S.C. § 101(15) ("entity" includes "governmental unit"); 18 U.S.C. § 2711(4) ("governmental entity" includes "any State"). Black's Law Dictionary, too, defines an "entity" as "[a]n organization (such as a business or a governmental unit) that has a legal identity apart from its members or owners." *Entity*, Black's Law Dictionary (11th ed. 2019). And a "state"—that is, "[a]n institution of self-government within a larger political entity; esp., one of the constituent parts of a country having a federal government"—fits comfortably within that definition. *State*, Black's Law

Dictionary (11th ed. 2019).

Missouri's second argument implies that because the statute includes a reference to an entity's "incorporation status," Pls.' Resp. at 4 (quotation omitted), it would be strange to read "entity" to include a State. But if anything, the text's breadth helps Defendants, not Plaintiffs—by clarifying that an "entity" includes both incorporated *and* unincorporated parties, Congress chose intentionally broad language. *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Coughlin*, 599 U.S. 382, 389 (2023) ("The catchall phrase Congress used … is also notable in and of itself. Few phrases in the English language express all-inclusiveness more than the pairing of two extremes."). Reading it to include Missouri, then—an unquestionably unincorporated entity—is textually correct. And even if Plaintiffs were right that the statute's reference to incorporation is strange, the fact remains that the venue statute establishes a closed set of options for defining residence. The Court may not rewrite that text to better fit the facts at hand, *Lamie v. U.S. Tr.*, 540 U.S. 526, 542 (2004), as it must do here if Plaintiffs' special, implied venue exception for States is to be given effect. Because the plain text is unambiguous, it marks the beginning and end of the venue inquiry. *Nat'l Ass'n of Mfrs. v. DOD*, 583 U.S. 109, 127 (2018).

**2.** To be sure, as Defendants acknowledged in their motion (at 3), despite the clarity of this statutory text, several courts have interpreted the language in 28 U.S.C. § 1391(c) as having an unwritten, implied exception for State plaintiffs. But none of those decisions are binding here, and this Court should not repeat their mistakes. After all, there are few principles that find stronger support in modern Supreme Court precedent than the paramount nature of plain statutory text. Plaintiffs may think that it would "make sense" for the statute to include an exception for State plaintiffs, Pls.' Resp. at 4, but the courts "may not narrow a provision's reach by inserting words Congress chose to omit." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020); *accord Bostock v. Clayton Cnty.*, 590 U.S. 644, 654-55 (2020) ("If judges could add to, remodel, update, or detract from old statutory terms inspired only by extratextual sources and our own imaginations, we would risk amending statutes outside the legislative process reserved for the people's representatives.").

Alongside cases incorrectly interpreting § 1391(c), Plaintiffs quote an 1892 Fifth Circuit

3

decision suggesting that a "state government … resides at every point within the boundaries of the state." Pls.' Resp. at 3 (quoting *Atlanta & F. R. Co. v. Western Ry. Co. of Ala.*, 50 F. 790, 791 (5th Cir. 1892). But that statement is irrelevant here for at least three reasons. To start, Defendants' state-residence argument turns on a plain-text reading of the current version of the federal venue statute. But Congress's first statute defining "residency" for venue purposes was not enacted until 1948, many decades after *Western Railway*. *See* Act of June 25, 1948, ch. 646, § 2, § 1391, 62 Stat. 869, 935. And the statute has been modified several times since, as recently as 2011. *See* Federal Courts Jurisdiction & Venue Clarification Act of 2011, Pub. L. No. 112-63, § 202, 125 Stat. 758, 763. Obviously, it is impossible for a court in 1892 to have rejected an interpretation of statutory text that was first enacted over a half-century later. Were that not enough, Plaintiffs' chosen line from *Western Railway* is an observation in dictum in a decision with no binding effect on this Court. Furthermore, *Western Railway* is a decision about the residence of a corporation for purposes of personal jurisdiction, not venue. 50 F. at 791. Those two doctrines sometimes overlap in other respects, but here they are analytically distinct—this Court is interpreting the venue statute, not a judge-made doctrine about personal jurisdiction. *See, e.g.*, *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) ("It would be error . . . to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries.").

Plaintiffs also argue that "the statute 'makes no reference one way or the other as to the residency of a sovereign state.'" Pls.' Resp. at 4 (quoting *Texas v. DHS*, 661 F. Supp. 3d 683, 689 (S.D. Tex. 2023)). But that is the fundamental problem with Plaintiffs' reading, which calls for a judicial amendment to the statute via an implied exception for States that Congress did not include in the text. Because the statute "makes no reference" to any specific residency rule that applies only to States, *id.*, they are covered instead by the only applicable, more general provision for "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated," 28 U.S.C. § 1391(c)(2).

Tellingly, Plaintiffs eventually retreat to the (largely unexplained) argument that "MOHELA[] is located in the St. Louis metro, in the Eastern District of Missouri," Pls.' Resp. at 4, and that somehow

4

that is enough. But the statute accounts only (in relevant part) for the residency of a "plaintiff," *id.* § 1391(e)(1), and MOHELA is not a plaintiff, so its residence is irrelevant. And Plaintiffs do not dispute—nor could they, given "controlling Eighth Circuit authority"—that in assessing venue, the Court must focus on the "relevant activities of the defendant in the forum state, not on the effect of those activities on the plaintiff in the forum state." *Steen v. Murray*, 770 F.3d 698, 703 (8th Cir. 2014). The result is that Missouri resides "[f]or all venue purposes" "*only* in *the* judicial district in which it maintains its principal place of business," 28 U.S.C. § 1391(c)(2) (emphases added)—here, the Western District of Missouri.

### B. Venue in the Eastern District of Missouri Is Not Law of the Case

The Southern District of Georgia court's transfer of Plaintiffs' case here, to the Eastern District of Missouri, does not obligate the Court to ignore the venue statute's clear text and accept that erroneous result. Even to the extent the transfer decision constitutes law of the case as "implicitly decid[ing]" the question of State residence, *Little Earth of the United Tribes, Inc. v. U.S. Dep't of Hous. & Urb. Dev.*, 807 F.2d 1433, 1438 (8th Cir. 1986) (citation omitted), law of the case is a "general[]" "practice" of deferring to prior legal determinations, "not a limit on [courts'] power." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 802-03 (1988). And here, there are ample reasons for the Court to exercise its independent judgment on the residence issue.

First, the Southern District of Georgia court did not analyze Defendants' State-capital argument at all (let alone reject it, as Plaintiffs erroneously assert at 3), meaning that its decision lacks persuasive value on the relevant point. *See* Order on MTD & Transfer at 11, ECF No. 52. Moreover, the reason the court did give for selecting the Eastern District of Missouri is flatly inconsistent with the venue statute and Eighth Circuit precedent, and thus is clearly erroneous, meriting a departure from the law-of-the-case doctrine to the extent it applies. *See Alexander v. Jensen-Carter*, 711 F.3d 905, 909 (8th Cir. 2013) (citing *Ritchie Special Credit Invs., Ltd. v. U.S. Tr.*, 620 F.3d 847, 856 (8th Cir. 2010)). The transferor court pointed to MOHELA, and MOHELA alone, as the reason the suit might originally have been brought in the Eastern District of Missouri. Order at 11. But MOHELA, as a non-party, is irrelevant to the question of venue. *See supra* at 4-5. Finally, there is no risk of the

5

"vicious circle of litigation" that concerned the Supreme Court in *Christianson*, despite Plaintiffs' insistence otherwise. Pls.' Resp. at 6. There, the Federal Circuit concluded that it lacked statutory jurisdiction, whereafter the Seventh Circuit determined that the Federal Circuit not only possessed jurisdiction, but that its jurisdiction was exclusive. *Christianson*, 486 U.S. at 806-07. Here, Plaintiffs need not fear becoming trapped between two courts, neither of which will accept the case. Rather, they need only refile in one of the several possible venues that satisfies the plain text of 28 U.S.C. § 1391. *See* MTD at 6-7.

## II.   DISMISSAL WITHOUT PREJUDICE IS THE APPROPRIATE REMEDY.

Plaintiffs do not dispute that, if venue is improper, "the interest[s] of justice" favor dismissal, rather than transfer, under the circumstances. 28 U.S.C. § 1406(a); *see* MTD at 5-7. Accordingly, because no Plaintiff resides in the Eastern District of Missouri, this case should be dismissed in its entirety, without prejudice, for lack of venue.

## CONCLUSION

For the reasons set forth above and in Defendants' motion, the Court should dismiss this case, without prejudice, for lack of venue under Federal Rule of Civil Procedure 12(b)(3).

6

Dated:  November 12, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Simon G. Jerome*
STEPHEN M. PEZZI
 D.C. Bar No. 995500
 Senior Trial Counsel
SIMON GREGORY JEROME
 D.C. Bar No. 1779245
 Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.:  (202) 514-2705
Email:  simon.g.jerome@usdoj.gov

*Counsel for Defendants*