# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STATE OF MISSOURI,<br>STATE OF ALABAMA<br>STATE OF ARKANSAS,<br>STATE OF FLORIDA,<br>STATE OF NORTH DAKOTA, and<br>STATE OF OHIO,<br><br>    *Plaintiffs*,<br><br>v.<br><br>JOSEPH R. BIDEN, Jr., in his official capacity as President of the United States,<br><br>MIGUEL A. CARDONA, in his official capacity as Secretary, United States Department of Education, and<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    *Defendants*. | Civil Action No. 24-cv-1316 |

## MOTION FOR COURT TO ORDER DEFENDANTS TO
## SUBMIT A STATEMENT OF COMPLIANCE

Plaintiff States are concerned that Defendants may be trying to skirt this Court's preliminary injunction against the Third Mass Cancellation of student loans, just as the Eighth Circuit found Defendants did over the summer with the Second Mass Cancellation. After the district court enjoined the Second Mass Cancellation, the Federal Government made modest adjustments to the program and then "continue[d] to forgive loans" through "a new so-called 'hybrid rule'" that relied on the same exact statute that the district court had declared did not authorize forgiveness. *Missouri v. Biden*, 112 F.4th 531, 535 (8th Cir. 2024). The Eighth Circuit issued an injunction to stop the Federal Government from skirting the injunction. *Id.*

1

Plaintiff States are concerned the Federal Government may be running the same playbook here. The Federal Government has directed loan servicers to update forgiveness letters "by 12/31/24"; Defendants have issued a notice of proposed rulemaking for mass loan forgiveness relying on the same exact statutory authority this Court preliminarily enjoined; and news outlets in the last week have reported that the Biden administration is planning an 11th-hour effort to mass cancel loans. The States accordingly request that the Court order Defendants to submit a Notice of Compliance so that Defendants cannot evade this Court's injunction like they evaded the injunction over the summer.

This Court entered a preliminary injunction on October 3, 2024, which enjoined Defendants "from mass canceling student loans, forgiving any principal or interest, not charging borrowers accrued interest, or further implementing any other actions under the Rule or instructing federal contractors to take such actions." ECF 57 at 3. In granting Plaintiff States' motion for a preliminary injunction, the Court found that "Plaintiffs are likely to succeed on the merits in showing that Defendants' actions would be unlawful, like every court reviewing the previous plans to unilaterally erase it." *Id.* at 2. Plaintiff States specifically argued that the Third Mass Cancellation was unlawful because the Federal Government was relying on Section 432(a) of the HEA, which does not authorize the Secretary to mass cancel loans. *See* ECF 1, ¶¶ 140–49. Indeed, that section does not even apply at all to the Direct Loan Program, which encompasses the bulk of all student loans. *Id.* Defendants never defended the merits of using Section 432(a) of the HEA to mass forgive loans and did not appeal this Court's finding that Plaintiff States were likely to succeed in establishing that Defendants lacked statutory authority under Section 432(a) to mass cancel loans.

2

Yet in recent weeks, the Federal Government has sent strong signals that it may be trying to tweak the Third Mass Cancellation rule to evade this Court's preliminary injunction, as the Federal Government previously did last summer. Instead of appealing this Court's preliminary injunction, the Federal Government on October 31 rolled out a Notice of Proposed Rule Making that relies on the *exact same* statutory section that this Court concluded did not authorize student loan cancellation. That rulemaking is entitled *Student Debt Relief Based on Hardship for the William D. Ford Federal Direct Loan Program (Direct Loans), the Federal Family Education Loan (FFEL) Program, the Federal Perkins Loan (Perkins) Program, and the Health Education Assistance Loan (HEAL) Program*, 89 Fed. Reg. 87,130 (Oct. 31, 2024), attached hereto as Exhibit A. These proposed regulations purport to authorize the Secretary to "grant waivers" to any borrower who "is experiencing or has experienced hardship related to a loan" based on a "non-exhaustive list of factors" determined by the Secretary. The regulations authorize the Secretary to effectuate "immediate relief" for borrowers "based on data in the Secretary's possession." *Id.* at 87,163. The regulation indicates that "lengthy time in repayment" is a rationale for "immediate" forgiveness. *E.g.*, *id.* at 87,137. In other words, the new regulation would provide loan forgiveness to the same borrowers targeted by the Third Mass Cancellation Rule, and it purports to give the Secretary carte blanche authority to make this determination.

This newest effort to mass cancel student loans, like the Third Mass Cancellation Rule, relies on Section 432(a) for its purported authority. Indeed, the NPRM acknowledges that this Court enjoined the Third Mass Cancellation Rule's attempt to mass cancel loans based on Section 432(a), but declares that the Federal Government is going to continue using that statute anyway. *See id.* at 87,131 n.2. That position is indefensible. The preliminary injunction—like the temporary restraining order that preceded it—found that the Defendants "lack[ed] statutory

3

authority" to cancel student loans under Section 432(a).  *See* ECF 17 at 4.  The Federal Government cannot evade that preliminary injunction merely by making tweaks to the enjoined rule.  They tried that gambit last summer, and it failed.

It appears that the Defendants are fast tracking these regulations during the lame-duck period, despite this Court's injunction, and may be aiming to cancel loans beginning as early as December 31.  Just days ago, *Bloomberg* reported that White House Communications Director Ben LaBold circulated "a memo to allies," which "signaled four key areas with announcements forthcoming" including "student debt cancellation."  Josh Wingrove, *Biden Plans Measures on AI, Clemency and Lands in Final Stretch*, Bloomberg (Dec. 15, 2024), attached hereto as Exhibit C.  Last week, *Inside Higher Education* reported that the "Biden administration submitted final rule proposals for student debt relief to the Office of Management and Budget," on December 11, 2024, including this newest rule that seeks to rely on the enjoined Section 432(a) authority.  Liam Knox, *Biden Finalizes Student Debt Relief Rules*, Insider Higher Education (Dec. 12, 2024), attached hereto as Exhibit B.

This reporting matches recent internal communications between the Department and servicers, which directed those servicers to put borrower forgiveness letters "in production by 12/31/24."  *See* Exhibit D.  All signs point to the troubling concern that Defendants are preparing to evade this Court's preliminary injunction to effectuate a mass forgiveness program before Defendant Biden leaves office.  This would not be the first time Defendants tried to evade a preliminary injunction to implement forgiveness.  Indeed, after the second mass cancellation effort was enjoined in June 2024, Defendants hatched a scheme to continue mass forgiveness through a new "hybrid" regulation—without notice and comment—that was based on the same purported authority that the court enjoined.  *See* ECF 1, ¶ 58.  That action forced the Eighth Circuit to issue

4

an injunction pending appeal.  *Id*.; *Missouri v. Biden*, 112 F.4th at 535 ("The Government's hybrid plan was created after and in response to the district court's preliminary injunction and has effectively rendered that injunction a nullity.").

Moreover, as this lawsuit has established, Defendants are comfortable undertaking schemes to avoid judicial review, including by failing to comply with the statutory waiting periods after finalizing a rule before putting that rule into effect.  At oral argument in this case, Defendants' counsel confirmed Plaintiff States' allegations that the Department intended to publish a final rule on a Friday and implement at least $70 billion of forgiveness by the following Monday.  ECF 55-1 at 40.  That plan was an indisputable violation of the Congressional Review Act and the HEA—which require at minimum a 60-day waiting period after publication of a rule—and was clearly tailored to prevent affected parties from enforcing their rights in court.  Only Plaintiff States' vigilance and filing this lawsuit prevented that outcome.  Now it appears that Defendants may be at it again, attempting to implement a rule behind the scenes with little warning to the servicers in an attempt to keep Plaintiff States in the dark.  Worse yet, because the new regulations are premised on the same purported authority as the Third Mass Cancellation Rule, and this Court found that Defendants "lack[ed] statutory authority" to implement that rule and enjoined "any mass canceling student loans" under that purported authority, any effort to implement the new regulations would necessarily violate the preliminary injunction.

## CONCLUSION

Plaintiff States respectfully request that the Court order that Defendants promptly submit a Notice of Compliance with the preliminary injunction attesting that they are not planning to implement forgiveness of Direct Loans based on Section 432(a) of the HEA.  Moreover, Plaintiff

5

States respectfully request that this Court direct Defendants to clearly indicate whether they intend to implement these new regulations on or before January 20, 2025.

Case: 4:24-cv-01316-MTS   Doc. #:  76   Filed: 12/18/24   Page: 6 of 8 PageID #: 326

Date: December 18, 2024

**ANDREW BAILEY**
**Attorney General of Missouri**

/s/ Joshua M. Divine
Joshua M. Divine
   *Solicitor General*
Reed C. Dempsey
   *Deputy Solicitor General*
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel. (573) 751-1800
Fax. (573) 751-0774
josh.divine@ago.mo.gov
reed.dempsey@ago.mo.gov

**TIM GRIFFIN**
**Attorney General of Arkansas**

/s/Nicholas Bronni
Nicholas J. Bronni
   *Solicitor General*
Dylan L. Jacobs
   *Deputy Solicitor General*
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-3661
Nicholas.Bronni@arkansasag.gov
Dylan.Jacobs@arkansasag.gov

**STEVE MARSHALL**
**Attorney General of Alabama**

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
   *Solicitor General*
Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, AL 36130-0152
(334) 242-7300
Edmund.LaCour@AlabamaAG.gov

Respectfully Submitted,

**ASHLEY MOODY**
**Attorney General of Florida**

/s/James H. Percival
James H. Percival
   *Chief of Staff*
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com

**DREW H. WRIGLEY**
**Attorney General of North Dakota**

/s/ Philip Axt
Philip Axt
   *Solicitor General*
North Dakota Attorney General's Office
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
Telephone: (701) 328-2210
pjaxt@nd.gov

**DAVE YOST**
**Attorney General of Ohio**

/s/ T. Elliot Gaiser
T. Elliot Gaiser
   *Solicitor General*
Mathura J. Sridharan
   *Deputy Solicitor General*
Office of the Attorney General
365 East Broad Street
Columbus, Ohio 43215
Phone: (614) 466-8980
thomas.gaiser@ohioago.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 18, 2024, a true and accurate copy of the foregoing was electronically filed through the Court's CM/ECF System and that a copy of the foregoing will be sent via email to all parties by operation of the Court's electronic filing system, consistent with Federal Rule of Civil Procedure 5(b).

I further certify that the foregoing document contains 1,383 words, exclusive of matters designated for omission, as counted by Microsoft Word.

/s/ *Joshua M. Divine*

*Counsel for Plaintiff State of Missouri*
*Lead Counsel for Plaintiff States*