# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

STATE OF MISSOURI, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,

    *Defendants*.

Case No. 4:24-cv-01316-MTS

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ORDER DEFENDANTS TO SUBMIT A NOTICE OF COMPLIANCE

Without any attempt to confer with Defendants ahead of time, Plaintiffs have filed a motion that incorrectly speculates Defendants are (or soon will be) out of compliance with the Court's October 3 preliminary injunction. That suggestion is false, so the Court should deny the motion.

Plaintiffs filed this suit in the Southern District of Georgia to enjoin the Department of Education's student debt relief (SDR) rulemaking. *See generally* Compl., ECF No. 1; *see also* Defs.' Mem. of Law in Opp'n to Pls.' Mot. for Injunctive Relief at 3-5, ECF No. 35. As Defendants explained in that court, the core factual premise of Plaintiffs' complaint—that Defendants had planned to forgive loans under that rulemaking before publishing a final rule—was always incorrect. First Kvaal Decl. ¶¶ 33-34, ECF No. 35-1. Nonetheless, that court entered a 14-day temporary restraining order against Defendants on September 5, 2024 temporarily enjoining them from "implementing the Third Mass Cancellation Rule"—Plaintiffs' term for the SDR rulemaking—and restraining Defendants from "mass canceling student loans, forgiving any principal or interest, not charging borrowers accrued interest, or further implementing any other actions under the Rule or instructing federal contractors to take such actions." TRO at 5, ECF No. 17. The Southern District of Georgia court subsequently

1

extended the temporary restraining order for an additional 14 days, TRO Ext'n at 1-2, ECF No. 49, before transferring the suit here, where this Court converted the temporary restraining order into a preliminary injunction on identical terms, PI Op. at 3, ECF No. 57.

Defendants have fully complied with the Court's preliminary injunction, and will continue to do so as long as it remains in effect. The Department has not discharged, nor will it discharge, student loan balances pursuant to either the SDR rulemaking, on which this suit is based, or the separate hardship rulemaking, to which Plaintiffs refer in their motion. Mot. at 3, ECF No. 76; *see Student Debt Relief Based on Hardship*, 89 Fed. Reg. 87,130 (Oct. 31, 2024); Second Declaration of James Kvaal ¶¶ 6-7, 12-13, Exhibit A ("Kvaal Decl."). The Department has never intended, in fact, to discharge student loan balances under the criteria identified in either rulemaking before the promulgation of a final rule. Kvaal Decl. ¶¶ 7, 13. This morning, the Department formally noticed its upcoming withdrawal of the SDR and hardship NPRMs, which will bring both rulemakings to an end (a step the Department decided to take before Plaintiffs filed their motion, *id.* ¶¶ 10, 16). *Student Debt Relief: Withdrawal*, Fed. Reg. Doc. 2024-30606 (filed on public inspection Dec. 20, 2024; to be published Dec. 26, 2024), *available at* https://perma.cc/WUS9-YJU3; *Student Debt Relief Based on Hardship: Withdrawal*, Fed. Reg. Doc. 2024-30605 (filed on public inspection Dec. 20, 2024; to be published Dec. 26, 2024), *available at* https://perma.cc/4Z7H-NCFB. Moreover, although Plaintiffs do not allege as much, the Department has not taken any action (or instructed its servicers to take action) that would violate the injunction's prohibitions on "not charging borrowers accrued interest, or further implementing any other actions under the Rule." PI Op. at 3; *see* Kvaal Decl. ¶ 4. All told, the Department has fully complied with the Court's injunction preventing it from effectuating debt forgiveness pursuant to the SDR rulemaking, and has not attempted (and never planned to attempt) to circumvent the Court's order via the hardship rulemaking (even accepting Plaintiffs' premise that any forgiveness under the contemplated hardship rule would qualify as such circumvention).

Plaintiffs' exhibits do not suggest otherwise. Exhibit D contains an email from Federal Student Aid's[1] Communications Review Team to the Department's student loan servicers, instructing the servicers to update two notification letter templates. Ex. D. to Mot., ECF No. 76-4. The update in question removes a reference to the "Biden-Harris Administration" from the templates. *Id.* at PageID # 377, 379. Attached to the email are those two templates, which contain language to be sent to borrowers whose loans are discharged if those borrowers fall within Federal Student Aid's "IDR Direct to Discharge" and "PSLF/TEPSLF Discharge"[2] files. *Id.* at PageID # 377, 379 (subject lines); *see also* Kvaal Decl. ¶¶ 19, 21-22. Neither "IDR Direct to Discharge" nor "PSLF/TEPSLF Discharge" refers to discharges under the SDR or hardship rulemakings, Kvaal Decl. ¶ 20, as the Department has not discharged (and will not discharge, absent a final rule that the Department does not intend to publish, *id.* ¶¶ 7, 13, 9, 15) any student loan debt under those rules. *Id.* ¶¶ 6, 12. Rather, borrowers may fall into these files and receive the corresponding notification if their loans are discharged pursuant to various programs that are undisputedly *not* subject to this Court's injunction (or, for that matter, the Eighth Circuit's). *Id.* ¶¶ 21-23. Such programs include Public Service Loan Forgiveness and Income-Based Repayment (one component of so-called Income-Driven Repayment, or IDR), *see id.* ¶¶ 21-22, the legality of which Plaintiffs themselves have explicitly reaffirmed. *See* Compl. ¶ 40.

Exhibits B and C, each of which contains a public news article, also fail to indicate non-compliance. The first article, from *Inside Higher Education*, incorrectly states that the Department submitted "final rule proposals for student debt relief to the Office of Management and Budget on Wednesday[, December 11]." Ex. B to Mot. at PageID # 366, ECF No. 76-2. Putting aside that the

---

[1] Federal Student Aid is a component of the Department of Education that is responsible for managing student financial assistance programs. Kvaal Decl. ¶ 2.

[2] PSLF and TEPSLF refer to "Public Service Loan Forgiveness" and "Temporary Extended Public Service Loan Forgiveness," respectively. Kvaal Decl. ¶ 22.

NPRMs will soon be withdrawn, the core premise of the article is false.[3] *See* Kvaal Decl. ¶¶ 8, 14. The cited article can no longer be found on *Inside Higher Education*'s website, suggesting it has been (appropriately) retracted. And the second article contains, among many other alleged planned actions in the final weeks of the current administration, a vague reference to a "forthcoming" "announcement" related to "student debt cancellation." Ex. C to Mot. at PageID # 370, ECF No. 76-3. That the Department might make an announcement related to student debt cancellation is unremarkable: indeed, the Department routinely does so, as it did just this morning with respect to debt cancelled under PSLF. *See* Press Release, U.S. Dep't of Educ., *Biden-Harris Administration Approves Additional $4.28 Billion in Student Debt Relief for Nearly 55,000 Public Service Workers*, https://perma.cc/ACM3-65G9 (Dec. 20, 2024). In any event, whatever the import of the news article's ambiguous statement, Plaintiffs' reading of it to mean that the Department will discharge student loan debt under the SDR or hardship rulemakings is incorrect. Kvaal Decl. ¶¶ 6-7, 12-13.

     As at the outset of this litigation, Plaintiffs might have resolved their confusion by conferring with undersigned counsel before filing their motion—a routine professional courtesy they have repeatedly refused to extend, despite a request from undersigned counsel. In this instance, their failure to do so has needlessly resulted in a waste of judicial and party resources. The Court should deny Plaintiffs' motion. In the alternative, if the Court grants the motion, Defendants respectfully request that the Court accept this brief and the accompanying declaration as the notice of compliance that Plaintiffs seek.

---

[3] Even if the Department had submitted a final SDR rule for publication, that action standing alone would not have violated the injunction. Tr. of Sept. 18, 2024 Oral Arg. at 59-60, Exhibit B. Nor would the publication of an NPRM or final rule in the hardship rulemaking, which is not the subject of this litigation. Because the Department will not publish a final rule in either rulemaking between now and January 20, 2025, Kvaal Decl. ¶¶ 9, 15, the point is moot.

4

Dated: December 20, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Simon G. Jerome*
STEPHEN M. PEZZI
 D.C. Bar No. 995500
 Senior Trial Counsel
SIMON GREGORY JEROME
 D.C. Bar. No. 1779245
 Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 514-2705
Email: simon.g.jerome@usdoj.gov

*Counsel for Defendants*