**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

STATE OF MISSOURI, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,

    *Defendants*.

Case No. 4:24-cv-01316-MTS

# Exhibit A

# Declaration of James Kvaal

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STATE OF MISSOURI, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, <br><br> *Defendants*. | Case No. 4:24-cv-01316-MTS |

### DECLARATION OF JAMES KVAAL

I, James Richard Kvaal, do declare under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and accurate:

1. I am the Under Secretary of Education at the United States Department of Education (Department). My nomination for this position was confirmed by the United States Senate on September 14, 2021, and I was sworn in on September 15, 2021. As the Under Secretary of Education, my responsibilities include the coordination of major policies, programs, and activities related to federal student aid. This includes, but is not limited to, providing executive oversight of student aid rulemaking and operations. I make this declaration based on my personal knowledge and based on information provided to me in my official capacity.

2. Federal Student Aid, or FSA, is a component of the Department of Education that is responsible for managing the student financial assistance programs authorized under Title IV of the Higher Education Act of 1965, as amended. These programs provide grant, work-study, and loan funds to students attending college and career schools. FSA's

1

responsibilities include managing the outstanding federal student loan portfolio and securing repayment from federal student loan borrowers.

**The Preliminary Injunction in *Missouri v. Department of Education***

3. I am familiar with the Court's preliminary injunction, entered on October 3, 2024.

4. The Department has complied with all terms of the injunction, including its prohibition on forgiveness of student loan debt and interest under the proposed SDR rule, as well as its prohibitions on "not charging borrowers accrued interest, or further implementing any other actions under the Rule or instructing federal contractors to take such actions." PI Op. at 3.

**The Student Debt Relief Rulemaking**

5. On April 17, 2024, the Department published a notice of proposed rulemaking for student debt relief (SDR). *See Student Debt Relief for the William D. Ford Federal Direct Loan Program*, 89 Fed. Reg. 27,564 (Apr. 17, 2024).

6. The Department has not discharged any loans pursuant to the proposals in its April 2024 SDR NPRM, either before or after entry of the temporary restraining order or subsequent preliminary injunction. Nor has it instructed servicers to discharge any loans, either before or after the entry of the injunctive orders, under such proposals.

7. Even absent the temporary restraining order and preliminary injunction, the Department never planned to issue forgiveness specified in the SDR NPRM before finalizing the rule.

8. No final SDR rule has been published. The Department submitted to the Office of Management and Budget a draft final SDR rule months ago, but that rule never received clearance for publication. The Department has not submitted a final SDR rule to the Office of the Federal Register for publication.

2

9. The Department has submitted to the Office of the Federal Register a withdrawal of the SDR NPRM, which was filed for public inspection on December 20, 2024. *See Student Debt Relief: Withdrawal*, Fed. Reg. Doc. 2024-30606 (filed on public inspection Dec. 20, 2024; to be published Dec. 26, 2024), *available at* https://perma.cc/WUS9-YJU3. As stated in the withdrawal notice, the Department does not intend for a final rule to be issued on the SDR NPRM.

10. The Department decided to withdraw the SDR NPRM via the notice filed for public inspection on December 20, 2024 prior to Plaintiffs' December 18, 2024 motion.

**The Hardship Rulemaking**

11. On October 31, 2024, the Department published a notice of proposed rulemaking for student debt relief related to hardship. *See Student Debt Relief Based on Hardship*, 89 Fed. Reg. 87,130 (Oct. 31, 2024). The hardship NPRM is separate and distinct from the above-mentioned SDR NPRM.

12. The Department has not discharged any loans pursuant to the authorities it proposed in its October 2024 hardship NPRM, either before or after entry of the temporary restraining order or subsequent preliminary injunction. Nor has it instructed servicers to discharge any loans, either before or after the entry of the injunctive orders.

13. Even absent the temporary restraining order and preliminary injunction, the Department never planned to issue forgiveness specified in the hardship NPRM before finalizing the rule.

14. No final hardship rule has been published, nor has the Department submitted a final rule to the Office of the Federal Register for publication. The Department did not submit a draft final hardship rule to the Office of Management and Budget.

3

15. The Department has submitted to the Office of the Federal Register a withdrawal of the hardship NPRM, which was filed for public inspection on December 20, 2024. *See Student Debt Relief Based on Hardship: Withdrawal*, Fed. Reg. Doc. 2024-30605 (filed on public inspection Dec. 20, 2024; to be published Dec. 26, 2024), *available at* https://perma.cc/4Z7H-NCFB. As stated in the withdrawal notice, the Department does not intend for a final rule to be issued on the hardship NPRM.

16. The Department decided to withdraw the hardship NPRM via the notice filed for public inspection on December 20, 2024 prior to Plaintiffs' December 18, 2024 motion.

**The November 6, 2024 Email from FSA to Servicers**

17. I have reviewed the email and attachments Plaintiffs have appended to their motion as Exhibit D.

18. As reflected in Exhibit D itself, the attachments to the November 6 email updated servicers' draft communication templates to remove references to the "Biden-Harris Administration."

19. The two templates pertain to FSA's "IDR Direct to Discharge" and "PSLF/TEPSLF Discharge" files.

20. Neither "IDR Direct to Discharge" nor "PSLF/TEPSLF Discharge" refers to discharges under the SDR or hardship rulemakings.

21. "IDR Direct to Discharge" refers to borrowers identified for forgiveness under Income-Driven Repayment (IDR) plans, including statutory Income-Based Repayment (IBR), and whose loans servicers are authorized to immediately discharge.

22. "PSLF" refers to the statutory Public Service Loan Forgiveness program. "TEPSLF" refers to the Temporary Expanded Public Service Loan Forgiveness program.

4

23. Borrowers may be included in these two files (and therefore receive the communications appended to the Nov. 6 email) if their loans will be discharged pursuant to one of the Department's legal authorities to discharge loan balances, including PSLF and IDR.

24. At no time did the Department anticipate or intend servicers to discharge loans, and thus to send the draft communications in question, pursuant to the proposals in the SDR and hardship rulemakings.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of December 2024.

*James Richard Kvaal* (signature)

James Richard Kvaal