# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

STATE OF MISSOURI, *et al.*,

        *Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,

        *Defendants*.[1]

Case No. 4:24-cv-01316-MTS

## JOINT STATUS REPORT

Pursuant to the Court's June 20, 2025 Order, ECF No. 89, the parties, having conferred, respectfully submit this Joint Status Report regarding outstanding matters in this case and "whether a live case or controversy remains in this action under Article III." The parties do not agree on that question, and thus set forth their separate positions below.

### Defendants' Position

The answer to the question of "whether a live case or controversy remains in this action under Article III" is no. Regardless of whether the federal courts had subject-matter jurisdiction over this case at the time of the filing of the complaint, *see* Defs.' Br., ECF No. 35 (arguing that there was no final agency action for the court to review, and that no Plaintiff had Article III standing), it is now beyond all doubt that this case is moot. Accordingly, the Court should dismiss the case for lack for subject-matter jurisdiction, in its entirety, under Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3).

This lawsuit originally challenged a Notice of Proposed Rulemaking published by the Department of Education during the Biden Administration. *See* Compl., ECF No. 1. Plaintiffs' theory was that the government secretly intended to discharge student-loan debt on the basis of that notice

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Donald J. Trump is automatically substituted as a defendant in his official capacity as President of the United States, for his predecessor Joseph R. Biden, Jr. Linda E. McMahon is likewise automatically substituted as a defendant in her official capacity as Secretary of Education, for her predecessor Miguel A. Cardona.

of proposed rulemaking, without informing the public and before publication of a Final Rule.  *See* ECF No. 5.  The government argued that that factual premise was mistaken.  ECF No. 25.  This Court ultimately entered a preliminary injunction, which remains in effect.  ECF No. 57.

Whether or not Plaintiffs' theory had any factual basis at the time, currently, it is beyond all doubt that the Department of Education is not taking the actions that were challenged in the complaint.  The Department of Education has withdrawn both of the potentially relevant notices of proposed rulemaking in their entirety,[2] and does not currently intend to propose any similar rule.  Indeed, a senior official at the Department of Education has already sworn to these facts in a declaration, under penalty of perjury, filed on the docket in this case.  *See* Decl. of James Kvaal, ECF No. 78-1.  Accordingly, this case is moot, *see FBI v. Fikre*, 601 U.S. 234, 241-42 (2024), and it should be dismissed without prejudice.

Plaintiffs' statement, *infra*, largely focuses on the Department of Education's contracts with some of its loan servicers.  But even if Plaintiffs are correct about the current status of those contracts, those contracts are irrelevant to mootness, in the absence of any Final Rule (and now, even any *proposed* rule) that would provide for the sort of loan forgiveness that Plaintiffs challenged in this case.  The Department of Education cannot and will not forgive loans pursuant to a rule that does not exist.

**Plaintiffs' Position**

A live controversy remains.  In arguing that the case is moot, the government cannot satisfy its "formidable burden" under the voluntary cessation doctrine.  *FBI v. Fikre*, 601 U.S. 234, 241 (2024).  "[A] defendant's 'voluntary cessation of a challenged practice' will moot a case *only* if the defendant can show that the practice cannot 'reasonably be expected to recur.'"  *Id.* (emphasis added) (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000)).  The Department cannot "prove 'no reasonable expectation' remains that it will 'return to [its] old ways.'"  *Id.*  This is so for at least two reasons.

---

[2] *Student Debt Relief: Withdrawal*, Fed. Reg. Doc. 2024-30606 (Dec. 26, 2024), *available at* https://perma.cc/WUS9-YJU3; *Student Debt Relief Based on Hardship: Withdrawal*, Fed. Reg. Doc. 2024-30605 (Dec. 26, 2024), *available at* https://perma.cc/4Z7H-NCFB.

*First*, the government has never acknowledged the unlawfulness of its activities. In the summer of 2024, the Department committed to using § 432(a) authority to mass cancel student loans and began working to implement that policy decision. *E.g.*, ECF 1-12 at 2 ("In September of 2024, the Biden-Harris Administration *will* launch the Federal Student Loan Debt Initiative.") (emphasis added). Since then, the government has never acknowledged the illegality of its plan. Such an acknowledgment can cut in favor of finding mootness due to voluntary cessation. *See Fikre*, 601 U.S. at 244 ("[A] party's repudiation of its past conduct may sometimes help to determine that conduct is unlikely to recur."). Considering that the Biden Administration made *three* major attempts to cancel student loans despite repeated merits losses in court, *see* ECF No. 57 at 2, Plaintiffs have no confidence that a future Administration will not invoke § 432(a) authority to mass cancel student loans unless the Court grants permanent injunctive relief.

*Second*, as part of its commitment to mass cancel student loans, the Department altered MOHELA's contract (and contracts with other loan servicing organizations) to compel them to cancel or forgive loans on the Department's behalf. When the Department did so, it undertook action "by which rights or obligations have been determined, or from which legal consequences will flow." *Hawkes Co., Inc. v. U.S. Army Corps of Engineers*, 782 F.3d 994, 999 (8th Cir. 2015) (citation omitted), *aff'd*, 578 U.S. 590 (2016).

Thus, although the Department has not formally published a rule to cancel loans, MOHELA to this day remains "contractually obligate[d]" to cancel loans pursuant to that unpublished rule on behalf of the Federal Government whenever prompted. ECF 55-1 at 37. Thus, because the Department altered the contracts of loan servicers, those servicers remain contractually bound to cancel loans the instant the Department instructs them to, even if the Department does not engage in rulemaking. The Department thus remains poised to quickly cancel hundreds of billions in loans in a matter of hours, irreparably harming the States, and that ticking time bomb will remain armed absent permanent injunctive relief. This reality, too, confirms that the government cannot satisfy its "formidable burden" under the voluntary cessation doctrine. *Fikre*, 601 U.S. at 241.

This case is not moot. The Court should allow this case to proceed so that, ultimately,

Plaintiffs can seek the entry of permanent injunctive relief.

Dated: July 24, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MICHELLE R. BENNETT
Assistant Branch Director
Federal Programs Branch

/s/ Stephen M. Pezzi
STEPHEN M. PEZZI (D.C. Bar No. 995500)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel.: (202) 305-8576
Email: stephen.pezzi@usdoj.gov

*Counsel for Defendants*

**ANDREW BAILEY**
**Attorney General of Missouri**

/s/ Reed C. Dempsey
Reed C. Dempsey, #1697941DC
*Deputy Solicitor General*
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel. (573) 751-1800
Fax. (573) 751-0774
reed.dempsey@ago.mo.gov

*Counsel for Plaintiff State of Missouri*
*Lead Counsel for State Plaintiffs*
*Additional Counsel for State Plaintiffs on following page*


**TIM GRIFFIN**
**Attorney General of Arkansas**

/s/ Autumn Hamit Patterson
Autumn Hamit Patterson
*Solicitor General*
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, AR 72201
(501) 682-2007
Autumn.Patterson@arkansasag.gov

**STEVE MARSHALL**
**Attorney General of Alabama**

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
*Solicitor General*
Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, AL 36130-0152
(334) 242-7300
Edmund.LaCour@AlabamaAG.gov

**James Uthmeier**
**Florida Attorney General**

/s/ Allen L. Huang
Allen L. Huang
*Deputy Solicitor General*
Christine Pratt
*Assistant Solicitor General*
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
allen.huang@myfloridalegal.com

**DREW H. WRIGLEY**
**Attorney General of North Dakota**

/s/ Philip Axt
Philip Axt
*Solicitor General*
North Dakota Attorney General's Office
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
Telephone: (701) 328-2210
pjaxt@nd.gov

                                        **DAVE YOST**
                                        **Attorney General of Ohio**

                                        /s/ T. Elliot Gaiser
                                        T. Elliot Gaiser
                                        *Solicitor General*
                                        Mathura J. Sridharan
                                        *Deputy Solicitor General*
                                        Office of the Attorney General
                                        365 East Broad Street
                                        Columbus, Ohio 43215
                                        Phone: (614) 466-8980
                                        thomas.gaiser@ohioago.gov

## CERTIFICATE OF SERVICE & COMPLIANCE

I hereby certify that, on July 24, 2025, a true and accurate copy of the foregoing was electronically filed through the Court's CM/ECF System and that a copy of the foregoing will be sent via email to all parties by operation of the Court's electronic filing system, consistent with Federal Rule of Civil Procedure 5(b)

I further certify that the foregoing document contains 4 pages, exclusive of matters designated for omission, as counted by Microsoft Word 2016.

/s/ *Reed C. Dempsey*

*Counsel for Plaintiff State of Missouri*
*Lead Counsel for Plaintiff States*